UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JAMES WORTHINGTON,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN J.C. HOLLAND and<br>STATE OF KENTUCKY,<br><br>    Respondents. | Civil No. 6: 13-232-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

    James Worthington is confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Worthington has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]

    The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Worthington's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his petition,[1] Worthington indicates that in 1981, he pled guilty to one count of kidnapping, two counts of first degree robbery, and two counts of second degree escape in the Circuit Court for Bell County, Kentucky. That court sentenced him to a 140-year term of imprisonment, which was later reduced to 30 years in 1984. Worthington states that he was released to parole five years later on April 27, 1989. [R. 1, p. 6]

On July 10, 1992, Worthington was arrested on federal charges of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g); conspiracy to rob a bank insured by the Federal Deposit Insurance Corporation with a dangerous weapon in violation of 18 U.S.C. § 371; and carrying a firearm during and relation to the robbery of a FDIC-insured bank in violation of 18 U.S.C. § 2113(a). [*Worthington I*, R. 1-1, pp. 4, 14] Worthington further states that the Kentucky State Parole Board issued a parole violation warrant for his arrest on April 21, 1993, which was lodged with the federal Bureau of Prisons as a detainer on April 26, 1993. *Id.*, pg. 6. On May 10, 1993, the United States District Court for the Eastern District of Kentucky sentenced Worthington to a 322-month term of incarceration. *Id.* at p. 12; *United States v. Worthington*, 6: 92-29-KSF (E.D. Ky. 1992).

Following his federal sentencing, Worthington sent a letter to the Kentucky Department of Corrections ("KDOC") inquiring when the Parole Board would act on its parole violation warrant. On July 26, 1994, the KDOC responded that such a decision ultimately rested with the Parole Board, but that:

---

[1] At several points in his petition Worthington refers to certain exhibits. While Worthington did not include these exhibits with his current petition, he did file them with a prior petition asserting the same claims he pursues in his current petition. *Worthington v. Holland*, No. 6:13-151-KKC (E.D. Ky. 2013) (*Worthington I*). That petition was not decided on the merits, but was dismissed for failure to prosecute. The Court will cite to these exhibits for ease of reference.

> The general practice has been for the violation warrant to be lodged against the person in custody and the inmate being returned to this jurisdiction for a final hearing after the current sentence is satisfied.

*Id.* at p. 8. Another response from the KDOC on February 27, 2013, similarly advised him that "[o]nce released from Federal custody you will be returned to the custody of the Kentucky Department of Corrections for a parole revocation hearing." *Id.* at 10.

In his petition, Worthington contends that notwithstanding the lodging of the detainer in 1993, Kentucky has never held a hearing or formally revoked his parole. [R. 1, p. 4] He argues that his 30-year sentence, imposed in 1981, would have expired no later than 2011. Worthington contends that due process required Kentucky to hold a parole revocation hearing within a reasonable time after the detainer was lodged, and that having failed to do so, his detainer must be expunged. *Id.*, pp. 5-6, 9-10.

As a threshold matter, because Worthington challenges the validity of the detainer issued by Kentucky authorities, his habeas corpus petition is subject to the additional strictures set forth in 28 U.S.C. § 2254. *Jones v. Deboo*, No. 1:11CV142, 2012 WL 2396367, at *2 (N.D. W.Va. June 25, 2012) ("Where the petitioner challenges the validity of another jurisdiction's detainer, rather than its impact on his present confinement, the proper vehicle for such a claim is 28 U.S.C. § 2254."). That statute permits the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Coady v. Vaughn*, 251 F. 3d 480, 484-85 (3d Cir. 2001).

Before such a petition may be filed, federal law requires the petitioner to exhaust available state remedies: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ...

(A) the applicant has exhausted the remedies available in the courts of the State ...." 28 U.S.C. § 2254(b)(1). Unlike the decision to grant or deny parole in the first instance, in Kentucky the decision to revoke parole is subject to judicial review. *Cf. Stewart v. Commonwealth*, 153 S.W.3d 789, 791-92 (Ky. 2005). In his petition, Worthington indicates only that he challenged the lodging of the detainer by contacting the KDOC, he does not state that he has sought judicial review of the issuance of the parole revocation warrant or the resulting detainer. [*Worthington I*, R. 1-1, pp. 8, 10] Because Worthington has not invoked available means to obtain state judicial review, he has failed to exhaust administrative remedies, and his petition is prematurely filed. *Cf. Strait v. Howard*, No. 3:12CV-P825-S, 2013 WL 119996, at *1 (W.D. Ky. Jan. 8, 2013); *Johnson v. Strength*, No. 3:10-2698-JMC-JRM, 2010 WL 5553854, at *3 (D.S.C. Nov. 30, 2010).

However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Habeas relief will lie only where the petitioner establishes that his custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Here, Worthington alleges that the continued lodging of the detainer violates his due process rights because Kentucky failed to hold a parole revocation hearing within a reasonable time. [R. 1, p. 9 (*citing Morrissey v. Brewer*, 408 U.S. 471 (1972))] In *Morrissey*, the Supreme Court concluded that "the liberty of a parolee, although indeterminate, includes many of the core values of unqualified liberty and its termination inflicts a 'grievous loss' on the parolee and often on others. ... the liberty is valuable and must be seen as within the protection of the Fourteenth Amendment. Its termination calls for some orderly process, however informal." *Id.* at 482. Accordingly, the Court held that before a parolee's liberty may be revoked, due process requires

4

that a neutral officer first determine that reasonable grounds exist to revoke parole; the parolee must be given notice and an opportunity to be heard at a hearing to determine whether to revoke parole; and the hearing "must be tendered within a reasonable time after the parolee is taken into custody." *Id*. at 485-88.

However, four years later in *Moody v. Daggett*, 429 U.S. 78 (1976) the Supreme Court was asked to determine "whether a hearing must be held ... before the parolee is taken into custody *as a parole violator*." *Id*. at 86 (emphasis added). In *Moody*, the petitioner was convicted of two murders while on parole from a previously-imposed sentence for rape. The parole board issued a parole violator warrant which was lodged with the BOP as a detainer, but indicated it would not act on the detainer until petitioner's release from the second sentence. Relying on *Morrissey*, the petitioner sought habeas relief to compel the parole board to adjudicate the parole violator warrant so that any parole violation sentence could run concurrently with the murder sentences. *Id*. at 80-81. The Supreme Court rejected reliance upon *Morrissey* and found no due process violation, noting that:

> Petitioner's present confinement and consequent liberty loss derive not in any sense from the outstanding parole violator warrant, but from his two 1971 homicide convictions. Issuance of the warrant and notice of that fact to the institution of confinement did no more than express the Board's intent to defer consideration of parole revocation to a later time.

*Moody*, 429 U.S. at 86. Thus, a delay of months, years, or decades in revoking a parolee's liberty presents no due process concern where the parolee's liberty is lost not because of the filing of the parole revocation warrant, but because of incarceration occasioned by his subsequent commission of new criminal conduct. *Id*. at 87.

Because the Kentucky Parole Board's decision to defer resolution of the parole violator warrant did not violate Worthington's due process rights, his petition must be denied. *Cf*.

5

*Santiago-Fraticelli v. Thoms*, 2000 WL 924602, at *1 (6th Cir. 2000) (holding that where a habeas petitioner "has not, as yet, been arrested pursuant to the violator's warrant, his due process rights - as outlined by the Supreme Court in [*Morrissey*] have not yet vested."); *United States v. Oidac*, 486 F. App'x 318, 321-23 (3d Cir. 2012).

Accordingly, **IT IS ORDERED** that:

1. Worthington's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. This matter is **STRICKEN** from the active docket.

This the 14th day of February, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY